TEXAS BENEVOLENT ASSOCIATION v. THOMAS H. BELL.

(No. 5230.)

APPEAL from Collin County. Opinion by WILLSON, J.

PERKINS, GILBERT & PERKINS, counsel for appellant.

E. F. BROWN, counsel for appellee.

§ 277. *Contract; discharge of employee by mistake; damages for breach of such contract; rules as to; case stated.* Appellee sued appellant for $515.25 for wrongfully and without cause discharging him from its service before the termination of the contract of his employment as its agent, alleging that his employment was for six months beginning January 1, 1886, and at a salary of $125, payable monthly, and that he was discharged by appellant from said employment February 27, 1886. He recovered judgment for $290 and costs. It is conclusively shown by the evidence that appellee was discharged from the employment of appellant by mistake, and that as soon as said mistake was discovered, and before appellee had sustained any damage whatever thereby, appellant offered to, and insisted upon revoking said discharge, and proposed and urged that he should continue in its employment under the original contract. This he declined

to do. ' *Held:* Appellee is not entitled to recover damages even if he was in fact wrongfully discharged. The rule is, that where an employee is discharged without just cause, he is entitled to the benefit of his contract and to recover the amount stipulated in the contract, provided he was unable otherwise, by his services, to make that amount. Any amount which he made, or could have made by reasonable diligence after his discharge, and be- fore the expiration of the period for which he had been engaged, would be deducted from the amount stipulated to be paid him. [2 W. Con. Rep. § 805; 2 Wait's Ac. & Def. 456; 2 Suth. on Dam. 473.] Where a discharged employee is offered the same or like employment to that from which he has been discharged, for the same period and upon the same terms, and before he has sustained any injury by reason of the discharge, no damages are recoverable by him by reason of his discharge. [Wood's Master & Servant, p. 244 and note 1; 2 Greenl. Ev. § 261a; Hecksher v. McCrea, 24 Wend. 304.]

    April 16, 1887.           Reversed and remanded.